Dr. Kenneth James Commissioner of Education 4 State Capitol Mall Little Rock, Arkansas 72201-1071
Dear Dr. James:
I am writing in response to your request for an opinion inquiring whether the outside employment of a school administrator with a private company would violate the provisions of A.C.A. §§6-24-101 to -120 (Supp. 2005), which sets out laws and guidelines for the ethical behavior of school board members, administrators and employees. Specifically, you state that "[a] school district administrator has requested that the Department give its opinion as to whether any statutes or Rules under the jurisdiction of the Department would be violated by the administrator's business dealings with an outside company. This administrator also sits on the Board of Directors of an educational service cooperative." You state that:
 According to the information submitted to the Department by the administrator, he would serve as a marketing consultant for the company. The administrator's work for the company would be conducted outside of his contracted work time for the administrator's district. The administrator's primary responsibilities for the company would be to contact administrators of other districts and to relate to them the company's services and benefits; obtain data from interested districts that the company's staff would analyze, and schedule a proposal delivery meeting between the district's administrator and the company. The administrator would be compensated for each proposal delivery and each executed contract with a district. The administrator has represented that he would seek and obtain his employing school district's Board of Directors' approval before commencing his non-employee relationship with the company. The administrator has also represented to the Department that he would not solicit his own employing district to become a client of the company.
You pose two questions against this backdrop:
 1) Under Ark. Code Ann. § 6-24-106(a)(2), except as otherwise provided, it is a breach of the ethical standards contained in Ark. Code Ann. § 6-24-101 et seq. for an administrator to contract with any public educational entity if the administrator has knowledge that he or she is directly interested in the contract. Given this legal prohibition, would the administrator mentioned in the fact pattern above be considered to be contracting with the various public educational entities and thus be in violation of § 6-24-106(a)(2) due to the direct interest of the administrator, or would the administrator be deemed to be contracting with a private third party; and thus not possibly in violation of § 6-24-106(a)(2)?
 2) Concerning the administrator's role as a Board member of an educational service cooperative, would the process set forth in Ark. Code Ann. § 6-24-105(c) apply only in regard to a proposed contract between the company and the cooperative itself or any proposed contract which is with one of the cooperative's member school districts?
RESPONSE
I must decline to provide answers to the questions posed above because the applicable subchapter provides for a review by the prosecuting attorney of contracts and transactions falling within its ambit. I am not given any enforcement authority under the subchapter, except to pursue a mandamus proceeding, if necessary, to compel the prosecuting attorney to perform his or her duties thereunder.
Section 6-24-116 (Supp. 2005) provides that "[a]t the request of a board of a public educational entity, the executive administrator at a public educational entity, the Commissionerof Education, or the Legislative Joint Auditing Committee, theappropriate prosecuting attorney shall review contracts ortransactions for compliance with the provisions of thischapter." (Emphasis added).
In addition, § 6-24-118(a) and (b) provide that:
6-24-118. Enforcement.
 (a) It shall be the duty and responsibility of the prosecuting attorneys to supervise compliance with this chapter and prosecute persons who violate the chapter.
 (b) If the prosecuting attorney fails or refuses to enforce this chapter when the facts are known by the prosecuting attorney, or are called to his or her attention, the Attorney General or any citizen of this state may bring mandamus proceedings to compel the prosecuting attorney to perform his or her duties.
(Emphasis added).
I am not invested with any authority to determine compliance with the applicable subchapter. That power has been granted to the appropriate prosecuting attorney. A.C.A. § 6-24-116. That statute gives the Commissioner of Education the right to request a review by the prosecuting attorney of particular contracts or transactions. In addition, § 6-24-114(a)(1) (Supp. 2005) states that the Department of Education "may review alleged violations of this chapter." That statute also provides procedures for the State Board of Education to follow in reviewing alleged violations. A.C.A. § 6-24-114(a)(2) and (b). Cf. also Op. Att'y. Gen. 2005-009 (". . . jurisdiction to review alleged violations of the Act is invested with the Department of Education, not this office. See A.C.A. § 6-24-114 (Supp. 2003)).
Accordingly, I must decline to provide an opinion on this matter.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh